Dear Mr. Harris:
You requested the opinion of this office concerning whether certain investments made by the Orleans Levee District (the "District") in a money market fund are permissible investments under Louisiana law.
You advised that the District has $3,385,713 invested in the Treasury Obligations Fund (the "Fund"), a money market fund established as a Massachusetts business trust. The Fund invests in short-term U.S. Treasury obligations in two ways — directly or indirectly through repurchase agreements. You further advised that although the Fund's prospectus states that the repurchase agreements are fully collateralized by U.S. Treasury obligations, the Fund's investments consists of Deutsche Bank Government Securities, Swiss Bank Capital Markets securities, as well as other similar securities.
As you noted, R.S. 33:2955 sets forth the permissible investments for political subdivisions, and provides in pertinent part as follows:
 "A. (1) All . . . political subdivisions of the state are hereby authorized and directed to invest . . . in any of the following obligations:
 (a) Direct United States Treasury obligations, the principal and interest of which are fully guaranteed by the government of the United States.
 (b)(i) Bonds, debentures, notes, or other evidence of indebtedness issued or guaranteed by federal agencies and provided such obligations are backed by the full faith and credit of the United States of America, which obligations include but are not limited to . . .
 (ii) Bonds, debentures, notes, or other evidence of indebtedness issued or guaranteed by U.S. government instrumentalities, which are federally sponsored, and such obligations include but are not limited to: . . .
 (iii) Notwithstanding the foregoing list of investments, in no instance shall a political subdivision invest in obligations described in Items (i) and (ii) of this Subparagraph which are collateralized mortgage obligations that have been stripped into interest only or principal only obligations, inverse floaters, or structured notes. For the purposes of this Item "structured notes" shall mean securities of U.S. government agencies, instrumentalities, or government-sponsored enterprises which have been restructured, modified, and/or reissued by private entities.
 (c) Direct security repurchase agreements of any federal book entry only securities enumerated in Subparagraphs (a) and (b). "Direct security repurchase agreement" means an agreement under which the political subdivision buys, holds for a specified time, and then sells back those securities and obligations enumerated in Subparagraphs (a) and (b).
* * *
 (e) Mutual or trust fund institutions which are registered with the Securities and Exchange Commission under the Securities Act of 1933 and the Investment Act of 1940, and which have underlying investments consisting solely of and limited to securities of the United States government or its agencies.
 (2) Investment of funds in such mutual or trust fund institutions shall be limited to twenty-five percent of the monies considered available for investment as provided by this Section . . ." (Emphasis added)
In Atty. Gen. Op. 97-57, this office determined that a political subdivision can legally invest in a mutual fund that invests in repurchase agreements involving U.S. Treasury obligations if the mutual fund is organized as a Massachusetts business trust. Your question is whether the District can invest in the Fund?
You submitted a copy of the Fund's prospectus with your request, which provides in pertinent part as follows:
"Acceptable Investments
 The Fund invests only in U.S. Treasury securities, which are fully guaranteed as to principal and interest by the United States.
 Repurchase Agreements
 Certain securities in which the Fund invests may be purchased pursuant to repurchase agreements. Repurchase agreements are arrangements in which banks, brokers/dealers, and other recognized financial institutions sell securities to the Fund and agree at the time of sale to repurchase them at a mutually agreed upon time and price . . . (Emphasis added)"
The prospectus lists the Portfolio of Investments as of July 31, 1996 which was comprised of short-term U.S. Treasury bills and notes as well as a list of twenty-five repurchase agreements. The list of repurchase agreements states the principal amount of and the name of the counter-party to the repurchase agreement, as well as the interest rate, the date of issuance, the maturity date and the value of the security which is being purchased and sold. The list is footnoted to state: "(b) Repurchase agreements are fully collateralized by U.S. Treasury obligations based on market prices at the date of the portfolio. The investments in the repurchase agreements are through participation in joint accounts with other Federated funds."
While the counter-parties on the list of repurchase agreements includes companies such as Daiwa Securities America, Inc., Swiss Bank Capital Markets and other "foreign" financial institutions, we are aware of no Louisiana law which would prohibit a political subdivision from investing in a mutual fund which has entered into a repurchase agreement with those broker-dealers as long as the securities which are the subject of the transaction are in accordance with R.S. 33:2955. Of course, our response would be different if the securities actually being purchased were not an authorized investment under Louisiana law.
Trusting this adequately responds to your request, I remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH/
Date Received:
Date Released:
Martha Hess, Assistant Attorney General